# COMPOSITE EXHIBIT "A"

 CT Corporation

**Service of Process Transmittal**
09/09/2019
CT Log Number 536204894

TO: Desiree Beatty
Aetna, Inc.
Law U23S, 1425 Union Meeting Road
Blue Bell, PA 19422

RE: **Process Served in Florida**

FOR: Aetna Life Insurance Company  (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Orthopaedic Care Specialists, P.L., Pltf. vs. Aetna Life Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Notice(s), Summons, Attachment(s), Complaint, First Interrogatories, First Request(s) |
| **COURT/AGENCY:** | Palm Beach County Circuit Court, FL<br>Case # 502019CA011280XXXXMB |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Electronic Receipt on 09/09/2019 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day or service (Document(s) may contain additional answer date) |
| **ATTORNEY(S) / SENDER(S):** | Tony Bennett<br>Hicks & Motto, P.A.<br>3399 PGA Blvd<br>Suite 300<br>Palm Beach Gardens, FL 33410<br>561-683-2300 |
| **REMARKS:** | Process received by Chief Financial Officer on 09/06/2019 and forwarded to C T Corporation System by electronic delivery on 09/09/2019. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/09/2019, Expected Purge Date: 09/14/2019<br><br>Image SOP<br><br>Email Notification,  Desiree Beatty  beattyd@aetna.com<br><br>Email Notification,  Desiree Beatty  beattyd@aetna.com<br><br>Email Notification,  Jacqueline West  WestJ2@AETNA.com<br><br>Email Notification,  PIPER TAYLOR  plperry@aetna.com |
| **SIGNED:** | C T Corporation System |

Page 1 of  2 / VD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
09/09/2019
CT Log Number 536204894

**TO:** Desiree Beatty
Aetna, Inc.
Law U23S, 1425 Union Meeting Road
Blue Bell, PA 19422

**RE:** **Process Served in Florida**

**FOR:** Aetna Life Insurance Company  (Domestic State: CT)

**ADDRESS:** 1200 South Pine Island Road
Plantation, FL 33324

**For Questions:** 954-473-5503

Page 2 of  2 / VD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*19-000235483*

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

ORTHOPAEDIC CARE SPECIALISTS, PL

PLAINTIFF(S)

VS.

AETNA LIFE INSURANCE COMPANY

DEFENDANT(S)
_____/

SUMMONS, COMPLAINT, DISCOVERY

**CASE #:**    **502019CA011280XXXXMB**
**COURT:**    **CIRCUIT COURT**
**COUNTY:**   **PALM BEACH**
**DFS-SOP #:** **19-000235483**

# <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said  process was received in my office by ELECTRONIC DELIVERY on Friday, September 6, 2019 and a copy was forwarded by ELECTRONIC DELIVERY on Monday, September 9, 2019 to the designated agent for the named entity as shown below.

AETNA LIFE INSURANCE COMPANY
DONNA MOCH
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule  #1.080**

Jimmy Patronis
Chief Financial Officer

NANCY CHRISTINE COULL
PARALEGAL
HICKS & MOTTO, P.A.
3399 PGA BLVD., SUITE 300
PALM BEACH GARDENS, FL 33410

CN1

Filing # 95000945 E-Filed 08/29/2019 04:10:07 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

ORTHOPAEDIC CARE SPECIALISTS, P.L.,     CASE NO.:

    Plaintiff,

vs.

AETNA LIFE INSURANCE COMPANY,

    Defendant,

_____/

### SUMMONS

**THE STATE OF FLORIDA**:
To All and Singular the Sheriffs of the State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint in this action on Defendant:

**DEFENDANT**    **Aetna Life Insurance Company**
**Registered Agent:**  **CHIEF FINANCIAL OFFICER**
               **200 E. GAINES ST**
               **TALLAHASSEE, FL 32399-0000**

Each Defendant is required to serve a written response to the Complaint or Petition on **HICKS & MOTTO, P.A., 3399 PGA Blvd., Suite 300, Palm Beach Gardens, FL 33410**, Plaintiff's attorney, within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original written response with the Clerk of the Circuit Court located at 205 North Dixie Highway, West Palm Beach, FL 33401 either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

If the party serving the summons has designated email addresses for service or is represented by an attorney, you may designate email addresses for service by or on you. Service must be in accordance with the Florida Rule of Judicial Administration 2.516.

Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request.

Dated   **Sep 05 2019**

_____ Deputy Clerk

**N. RIOS**

2797-0036

RECEIVED AS STATUTORY REGISTERED AGENT
on 06 September, 2019 and served on defendant or named party on 09 September, 2019
by the Florida Department of Financial Services

## IMPORTANTE

      Usted ha sido demandado legalmente.   Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lon protegera.   Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

      Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

      Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vou souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

      Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA.

ORTHOPAEDIC CARE SPECIALISTS, P.L.,     Case No.

     Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY,

     Defendant.

_____/

## COMPLAINT

Plaintiff, ORTHOPAEDIC CARE SPECIALISTS, P.L., is an emergency medicine group practice and sues Defendant, AETNA LIFE INSURANCE COMPANY ("Aetna") and alleges:

### Nature of Action

1. This is an action concerning the rate at which Aetna reimbursed the Plaintiff for emergency medical services the Plaintiff provided to a patient (patient referred by as "Aetna Member") covered under the Defendant's commercial insurance health plan. Aetna has wrongfully paid the Plaintiff at rates below both: (1) the "usual and customary provider charges" in violation of Sections 641.513(5) and 627.64194(4), Florida Statutes. For claims subject to those sections; and, (2) below the reasonable value of the services in the marketplace required under *quantum meruit* by the implied-in-fact contract between the parties and/or the implied-in-law contract, for claims not subject to Sections 641.513(5) and 627.64194(4).

2. The Plaintiff is obligated by law to provide emergency medicine services to Aetna members and Aetna is obligated to cover those services. Further, Aetna, as a managed care organization licensed as an HMO, has a duty under Section 641.513(5) to reimburse Plaintiff at rates that are, at a minimum, equivalent to the "usual and customary provider charges for similar services in the community." Florida courts have interpreted this language as requiring payment at fair market value. As Florida courts have held, the "intent of [Section 641.513(5)] is to ensure that

the non-participating providers are adequately paid for a service they are required by law to perform." *Merkle v. Health Options,* 940 So. 2d 1190, 1196 (Fla. 4th DCA 2006).   Section 627.64194(4) incorporates by reference the reimbursement terms of Section 641.513(5) and applies to the non-participating preferred provider network (commonly known as "PPO/POS") and exclusive provider network (commonly known as "EPO") claims post- July 2016.

3.   For the claims at issue in this action, Plaintiff was a non-participating provider with Aetna and, as a result, did not agree to accept discounted rates from Aetna for their services and did not agree to be bound by Aetna's reimbursement policies or rate schedules.

4.   The impact of Aetna's underpayments on the claims at issue is considerable and has left a balance due from Aetna exceeding the minimum jurisdictional limits of this Court.

## Parties

5.   Defendant AETNA LIFE INSURANCE COMPANY is a foreign for-profit corporation with its headquarters at 151 Farmington Avenue, Hartford, CT 06156.  Aetna is licensed as a health maintenance organization ("HMO") pursuant to Chapter 641 of the Florida Statutes and provides managed care products and administrative services throughout Florida, including Palm Beach County, Florida, and has an office for the transaction of its customary business in Palm Beach County, FL.  AETNA LIFE INSURANCE COMPANY is a company that operates health benefit plans and insurance companies and provides managed care products and services.

6.   Plaintiff Orthopaedic Care Specialists, P.L. is a professional emergency medicine group practice which staffs the emergency department at St. Mary's Medical Center and Children's Hospital in West Palm Beach, Palm Beach County, Florida.  Plaintiff resides at 733 U. S. Highway 1, North Palm Beach, FL 33408.

## Jurisdiction and Venue

7.  This is an action for damages exceeding the minimum jurisdictional limits of this Court, exclusive of interest, attorney's fees and costs, and the Defendant is engaged in substantial activity within Florida and maintains an office within Florida.

8.  Venue is proper in Palm Beach County, Florida, because the Plaintiff performs the professional emergency medicine services at issue in Palm Beach County and the Defendant Aetna has an office for the transaction of its customary business in Palm Beach County, FL.  Additionally, the acts and omissions that give rise to this action occurred within Palm Beach County.

## Facts

9.  Plaintiff is an emergency medicine group practice that staffs the emergency departments at St. Mary's Medical Center and Children's Hospital and provides emergency medical care and related services to patients, including Aetna Members, presenting to its emergency departments.

10. In exchange for premiums, fees and/or other forms of compensation, Aetna pays for health care services rendered to Members of its commercial health care products and platforms, such as HMO plans.

11. The Plaintiff is obligated by Florida law to examine and individual presenting to the emergency department and to provide stabilizing treatment to any such individual with an emergency medical condition, regardless of the individual's insurance coverage or ability to pay.

12. The Plaintiff provided professional emergency medical services at St. Mary's Medical Center and Children's Hospital to Aetna member "D.M." (member ID# W239602712) on March 25, 2019 and April 2, 2019.  The charges for said services that are the subject of this action were assigned claim numbers EDPB9X9P300 and E6PB8046D00 and  by the Defendant.

13. With respect to the above refenced claims at issue, the Plaintiff did not and does not have applicable participation agreements with Aetna, and the claims for reimbursement are therefore considered non-participating or out of network claims (hereinafter, "Non-Participating Claims").

14. The Plaintiff did not agree to accept discounted rates from Aetna or to be bound by Aetna's reimbursement policies or rate schedules with respect to any of the claims for emergency medical services Plaintiff rendered to the Aetna member referenced above.

15. Section 641.513(5), Florida Statutes, provides;

> Reimbursement for services pursuant to this section by a provider who does not have a contract with the health maintenance organization shall be the lesser of:
>
> (a) The provider's charges;
> (b) The usual and customary provider charges for similar services in the community where the services were provided; or
> (c) The charge mutually agreed to by the health maintenance organization and the provider within 60 days of the submittal of the claim.

16. Section 627.64194(4) incorporates by reference the above dictates of 641.513(5) concerning the reimbursement of a non-participating provider with respect to services provided to patients covered under a PPO/POS or EPO plan.

17. Under Section 641.513(5) and, effective July 1, 2016, Section 627.64194(4), Florida law strikes a balance with respect to emergency services provided by non-participating providers such as the Plaintiff. The Plaintiff must provide emergency care to all individuals presenting in the emergency department, regardless of insurance coverage; and managed care organizations, such as Aetna, must reimburse the Plaintiff for providing that care to their members according to the dictates set forth by Sections 641.513(5) and 627.64194(4).   Florida courts have interpreted Section 641.513(5) to impose a requirement on managed care organizations licensed as HMO's "to ensure that the non-participating providers are adequately paid for a service they are required by law to perform." *Merkle v. Health Options,* 940 So. 2d 1190, 1196 (Fla. 4th DCA 2006).

18. Sections 641.513(5) and 627.64194(4) impose a duty on managed care organizations such as Aetna to reimburse non-participating providers such as the Plaintiff according to the respective statute's dictates.  Where a managed care organization, such as Aetna, does not comply with its

statutory duty to a provider, both statutes afford that provider a private right of action against the managed care organization to enforce its rights pursuant to these statutes.

19. Furthermore, Florida courts have interpreted the phrase "usual and customary provider charges for similar services in the community where the services were provided" under Section 641.513(5) to require payment of "fair market value" for the services rendered. *Baker County Med. Servs. V. Aetna Health Mgmt., LLC.,* 31 So. 3d 842, 845-46 (Fla. 1st DCA 2010).

20. In establishing a framework to determine a fair rate of payment for non-participating emergency medicine physicians with respect to reimbursement claims subject to Sections 641.513(5) and 627.64194(4), the Florida legislature also established a benchmark of "fair market value" that can be used to determine appropriate levels of reimbursement of non-contracted emergency medicine providers such as the Plaintiff with respect to all of the commercial and Exchange products in which a given patient may be enrolled.

21. Aetna has at all material times approved Plaintiff's rendering emergency medicine services to Aetna members.

22. Aetna is aware of its obligations to non-contracted providers such as the Plaintiff. Aetna is also aware that the Plaintiff provided professional emergency medicine services to the specific Aetna member referenced above with the expectation and understanding that their services had been approved by Aetna and that they would be reimbursed by Aetna at rates reflecting (A) the lesser of (i) their billed charges or (ii) the "usual and customary provider charges for similar services" (i.e. fair market value), as provided by Sections 641.513(5) and 627.64194(4) for claims subject to those sections and (B) the reasonable value in the marketplace, or *quantum meruit*, of the professional services Plaintiff provided, for claims not subject to Sections 641.513(5) and 627.64194(4).

23. The Plaintiff has at all relevant times billed Aetna for the emergency medicine services its professionals have provided to the Aetna member referenced above at Plaintiff's charges with the

understanding that Aetna had agreed to pay them (a) the lesser of their billed charges or fair market value for claims subject to Sections 641.513(5) and 627.64194(4) and (b) the reasonable value of services in the marketplace for claims not subject to those sections.

24. At all relevant times, Aetna paid the Plaintiff for some of the emergency medicine services their professionals provided to the Aetna member referenced above, albeit at amounts obviously and inappropriately below the Plaintiff's billed charges, fair market value and the reasonable value of their services in the marketplace.

25. With the full knowledge of its statutory obligations, Aetna is obligated to pay for emergency medical services received by Aetna members from the Plaintiff at the emergency department Plaintiff staffs. Aetna's acknowledgement of its obligation is confirmed by the fact that it has issued payment to Plaintiff for the above referenced claims, albeit at rates below what was owed to Plaintiff.

26. Despite the fact the Plaintiff is a non-participating provider and has never agree to accept the steeply discounted rates from Aetna, the Explanation of Benefits notice Aetna sent to the Plaintiff cryptically included, for example, only an explanation such as the following: *"The member's plan provides benefits for covered expenses at the reasonable charge for the service in the geographical area where it is provided. In certain circumstances, especially where the service is unusual or not often provided in the geographical area, the reasonable charge may be determined by considering other factors, including the prevailing charge in other areas. You are not part of our network and therefore we cannot prevent you from billing the member for any balance. But if you do, we reserve the right to challenge your bill."*

27. Aetna has not paid the Plaintiff either their billed charges, the fair market value of the services rendered or the reasonable value of the services rendered by Plaintiff.

28. Plaintiff in this action seeks a determination that Aetna: (1) has an obligation under Section 641.513(5) and 627.64194(4) to pay the lesser of their billed charges or "the usual and customary

provider charges for similar services in the community where the services were provided;" i.e. fair market value; (2) that Aetna has an obligation pursuant to an implied-in-fact or implied-in-law contract to pay Plaintiff the reasonable value of the services rendered in the marketplace; (3) that Aetna has failed to adhere to its obligations under Section 641.513(5) and 627.64194(4); (4) that Aetna breached the implied contract; (5) that Aetna has improperly withheld payment for additional emergency services they allege were not "medically necessary."

29. Aetna's refusal to pay the Plaintiff the fair market value and/or the reasonable value of the professional emergency medicine services they have provided to the Aetna member referenced above has caused, and continues to cause the Plaintiff to suffer damages in an amount equal to the difference between the amounts allowed and paid by Aetna and the fair market value and reasonable value of the services the Plaintiff provided, plus Plaintiff's loss of use of that money.

## COUNT 1 – Violation of Sections 641.513(5) and 627.64194(4)

30. Plaintiff re-alleges and restates paragraphs 1-29 above as if they were fully set forth herein.

31. The Plaintiff provided covered professional emergency medicine services to an Aetna member on March 25, 2019 and April 2, 2019 and submitted reimbursement claims subject to Sections 641.513(5) and 627.64194(4) for which Aetna, a managed care organization, was responsible for payment.

32. At all material times, the Plaintiff was a non-participating emergency medicine provider that staffed the emergency department at St. Mary's Medical Center and Children's Hospital.

33. Section 641.513(5), Florida Statutes, provides;

Reimbursement for services pursuant to this section by a provider who does not have a contract with the health maintenance organization shall be the lesser of:

(d) The provider's charges;
(e) The usual and customary provider charges for similar services in the community where the services were provided; or
(f) The charge mutually agreed to by the health maintenance organization and the provider within 60 days of the submittal of the claim.

34. Section 641.513(5) imposes a duty on Defendant Aetna, as a managed care organization licensed as an HMO, to reimburse Plaintiff for their Non-Participating Claims according to the statute's dictates.

35. Plaintiff has a private right of action under both Sections 641.513(5) and 627.64194(4) to enforce their provision against Aetna.

36. At all material times, the Plaintiff submitted its Non-Participating Claims to Defendant, Aetna, setting forth its charges for reimbursement of the emergency medicine services its professionals rendered to the above referenced Aetna member.

37. At all times material hereto, Aetna issued payment on the non-Participating Claims submitted by the Plaintiff for emergency medicine services rendered to the above referenced Aetna member, albeit at a rate less than the "usual and customary provider charges for similar services in the community where the services were provided" that Aetna was obligated to pay the Plaintiff pursuant to 641.513(5) and 627.64194(4).

38. As a result of Defendant Aetna's failure to fulfill its legal obligations to reimburse the Plaintiff in accordance with Florida Statutes 641.513(5) and 627.64194(4), the Plaintiff has suffered injury and is entitled to monetary damages from Defendant.

39. The Plaintiff seeks compensatory damages as permitted by applicable law, in an amount, which will continue to accrue through the date of trial as a result of Aetna's continuing violation of Sections 641.513(5) and 627.64194(4), equal to the difference between the amount allowed and paid by the Defendant on each of the Non-Participating Claims and the fair market value of the services described in the claims, plus interest.

**WHEREFORE**, Plaintiff prays that this Court:

Enter judgment against Defendant Aetna and for the Plaintiff in an amount representing the difference between the amounts paid by Defendant to Plaintiff for the Non-Participating Claims for emergency medicine services its professionals rendered to the aforementioned Aetna member

covered under Aetna's commercial product to the date of the judgment and the fair market value, as determined by the finder of fact, plus interest.  The Plaintiff seeks judgment for reasonable attorney's fees pursuant to Florida Statutes Sections 641.201 and 641.28.

Decree that Defendant Aetna must pay the Plaintiff going forward for its Non-Participating Claims for the emergency medicine services its professionals render to Aetna members at the lesser of their billed charges and fair market value of the services rendered.

Award such further relief as this Court deems just and proper.

## COUNT II – Breach of Implied-in-Fact Contract

40. Plaintiff re-alleges and restates paragraphs 1-29 above as if they were fully set forth herein.

41. At all times material hereto, Defendant Aetna knew the Plaintiff was a Non-Participating emergency medicine provider that staffed St. Mary's Medical Center and Children's Hospital.

42. Defendant Aetna knew the Plaintiff was obligated by law to examine any Aetna Member presenting to the emergency department and to provide stabilizing treatment to any such Aetna Member with an emergency medical condition, regardless of the individuals insurance coverage.

43. Defendant Aetna was aware of its obligation to non-contracted providers such as the Plaintiff and was aware that Plaintiff provided professional emergency medicine serves to its member on March 25, 2019 and April 2, 2019 with the reasonable expectation and understanding that their services would be reimbursed by the Defendant at rates that comply with Florida Statutes 641.513(5) and 627.64194(4).

44. Defendant Aetna knew the Plaintiff had not agreed to accept discounted rates from Defendant on Non-Participating Claims, nor, had they agreed to be bound by Defendant's reimbursement policies or rate schedules.

45. With the full knowledge of its obligations as described in detail above, Defendant Aetna approved of the above refenced Aetna member presenting to the emergency department at St. Mary's Medical Center and Children's Hospital on the dates listed above, approved of Plaintiff

performing emergency medicine services on their member's behalf, and impliedly agreed to the pay the Plaintiff the reasonable value in the marketplace for the emergency medicine services its professionals rendered to the Aetna member.

46. Aetna acknowledged its obligation and responsibility for payment and its approval of Plaintiff's performing emergency medicine services in the treatment if its member on March 25, 2019 and April 2, 2019 by paying some of the Plaintiff's Non-Participating Claims, albeit at a rate far below what Plaintiff is entitled.

47. All conditions precedent were met for the Defendant to perform its obligations pursuant to the implied contract.

48. Defendant Aetna breached its agreement with the Plaintiff by failing to pay the reasonable value of emergency medicine services provided to the Aetna member referenced above.

50. Defendant Aetna sent Plaintiff, along with its partial payment, an Explanation of Benefits notice Aetna that cryptically included, for example, only an explanation such as the following: *"The member's plan provides benefits for covered expenses at the reasonable charge for the service in the geographical area where it is provided. In certain circumstances, especially where the service is unusual or not often provided in the geographical area, the reasonable charge may be determined by considering other factors, including the prevailing charge in other areas. You are not part of our network and therefore we cannot prevent you from billing the member for any balance. But if you do, we reserve the right to challenge your bill."*

51. As a result of Aetna's breach of its implied contract to reimburse the Plaintiff the reasonable value in the marketplace for the Non-Participating Claims for emergency medicine services Plaintiff rendered to the aforementioned Aetna member, the Plaintiff has suffered injury and is entitled to monetary damages from Defendant.

**WHEREFORE**, Plaintiff prays that this Court:

Enter judgment against Defendant Aetna and for the Plaintiff in an amount representing the difference between the amounts paid by Defendant to Plaintiff for the Non-Participating Claims for emergency medicine services its professionals rendered to the aforementioned Aetna member covered under Aetna's commercial product to the date of the judgment and the fair market value, as determined by the finder of fact, plus interest. The Plaintiff seeks judgment for reasonable attorney's fees pursuant to Florida Statutes Sections 641.201 and 641.28.

Decree that Defendant Aetna must pay the Plaintiff going forward for its Non-Participating Claims for the emergency medicine services its professionals render to Aetna members at the lesser of their billed charges and fair market value of the services rendered.

Award such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated and signed this 29th day of August 2019.

> HICKS & MOTTO, P.A.
> Attorneys for the Plaintiff
> 3399 PGA Blvd, Suite 300
> Palm Beach Gardens, FL  33410
> Telephone: (561) 683-2300
> Facsimile: (561) 687-1995
> tbennett@Hmelawfirm.com
>
> */s/  Tony Bennett, Esq.*
> TONY BENNETT, ESQUIRE
> Florida Bar No.:  40357

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

ORTHOPAEDIC CARE SPECIALISTS, P.L.,     CASE NO.:

     Plaintiff,

vs.

AETNA LIFE INSURANCE COMPANY,

     Defendant,

_____/

## PLAINTIFF'S NOTICE OF PROPOUNDING FIRST SET OF INTERROGATORIES TO DEFENDANT (SERVED WITH COMPLAINT)

TO:      **Aetna Life Insurance Company**
           **Registered Agent: CHIEF FINANCIAL OFFICER**
           **200 E. GAINES ST**
           **TALLAHASSEE, FL 32399-0000**

YOU ARE HEREBY NOTIFIED that the Plaintiff, ORTHOPAEDIC CARE SPECIALISTS PL, by and through their undersigned attorneys, propounds the following attached Interrogatories to the above named Defendant, to be answered in writing under oath, within forty-five (45) days, pursuant to 1.340, Florida Rules of Civil Procedure.

                            */s/ Tony Bennett*
                            Tony Bennett, Esquire
                            Florida Bar No.: 40357
                            Attorney for Plaintiff
                            HICKS & MOTTO, P.A.
                            3399 PGA Boulevard, Suite 300
                            Palm Beach Gardens, FL 33410
                            Telephone: (561) 683-2300
                            Facsimile: (561) 697-3852
                            E-Mail: tbennett@hmelawfirm.com; and
                            ncoull@hmelawfirm.com

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## PROPOUNDED TO THE DEFENDANT

1. Describe with specificity how the amounts paid to the Plaintiff were determined.

2. For any payments made by the Defendant, please describe with specificity what documents, policies, fee schedules, or, other material were utilized in determining any sums payable to Plaintiff for the patient that is subject to this law suit.

3. Describe in detail each and every procedure utilized to determine the amounts paid to the Plaintiff are the "usual and customary charges" for the services rendered to the Defendant's member in the geographic area where services were in fact rendered.

_____

STATE OF FLORIDA

COUNTY OF _____

      BEFORE ME, the undersigned authority, personally appeared _____, who is personally known to me or who has produced _____ as identification, and being duly sworn, under oath, deposes and says that the foregoing Answers to Interrogatories are true and correct to the best of his/her knowledge and belief, and that he/she has read the foregoing Answers to Interrogatories and knows the contents thereof.

      DATED this _____ day of _____, 2019.

                         _____
                         NOTARY PUBLIC
                         State of Florida
                         _____
                         Printed Name of Notary Public
                         My Commission Expires:_____

(SEAL)

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA.

ORTHOPAEDIC CARE SPECIALISTS, P.L.,  Case No.

      Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY,

      Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT
## (SERVED WITH COMPLAINT)

TO:      **Aetna Life Insurance Company**
             **Registered Agent:CHIEF FINANCIAL OFFICER**
             **200 E. GAINES ST**
             **TALLAHASSEE, FL 32399-0000**

Plaintiff, ORTHOPAEDIC CARE SPECIALISTS, PL, by and through their undersigned attorneys, and pursuant to Rule 1.370, Florida Rules of Civil Procedure, hereby requests the above-named Defendant to make the following admissions:

1.     Admit that pre-authorization was not required for services rendered by Plaintiff at St. Mary's Medical Center and Children's Hospital for Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019.

2.     Admit that Plaintiff provided emergency services and care at St. Mary's Medical Center and Children's Hospital for Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019.

3.     Admit that Patient, with W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 had an emergency medical condition on March 25, 2019 and April 2, 2019, for purposes of services rendered by Plaintiff at St. Mary's Medical Center and Children's Hospital.

4.     Admit that surgery performed by Plaintiff at St. Mary's Medical Center and Children's Hospital for Patient, with ID# W239602712, Claim Numbers:

EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019. was to treat an emergency medical condition.

5.      Admit that Plaintiff's actual charges for services rendered at St. Mary's Medical Center and Children's Hospital for Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019 total $41,663.10.

6.      Admit that Defendant has no knowledge of the usual and customary provider charges for similar services in Palm Beach County, Florida that Plaintiff rendered at St. Mary's Medical Center and Children's Hospital for Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019.

7.      Admit that there has been no mutual agreement between Plaintiff and Defendant that Plaintiff accepted any payments made to Plaintiff for services rendered at St. Mary's Medical Center and Children's Hospital for Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019 as full and final satisfaction of all charges for services rendered.

8.      Admit that any amounts allowed by Defendant for services rendered by Plaintiff at St. Mary's Medical Center and Children's Hospital for Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019 are not based on the usual and customary provider charges for similar services in Palm Beach County, Florida.

9.      Admit that any amounts allowed by Defendant for services rendered by Plaintiff at St. Mary's Medical Center and Children's Hospital for Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019 are based on a percentage of allowable charges under the Medicare Fee Schedule.

10.     Admit that any amounts paid by Defendant for services rendered by Plaintiff at St. Mary's Medical Center and Children's Hospital for Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019 are not based on the usual and customary provider charges for similar services in Palm Beach County, Florida.

11.     Admit that any amounts paid by Defendant for services rendered by Plaintiff at St. Mary's Medical Center and Children's Hospital for Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019 are based on a percentage of the Medicare Fee Schedule.

12.     Admit that Plaintiff's Claim against Defendant is not covered under ERISA.

13.    Admit that in the instant case Plaintiff is not seeking to recover benefits due under an ERISA regulated employee benefit plan.

14.    Admit that Plaintiff is not looking to enforce or clarify rights under an ERISA plan covering Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 for emergency services rendered by Plaintiff on March 25, 2019 and April 2, 2019.

15.    Admit that Defendant has paid in part for medical services rendered by Plaintiff at St. Mary's Medical Center and Children's Hospital for Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019 which are covered by an ERISA benefit plan.

16.    Admit that Plaintiff's claims do not fall within the scope of ERISA § 502(a); and (2).

17.    Admit that pursuant to F.S. 641.513(5), Plaintiff is entitled to compensation for its services rendered at St. Mary's Medical Center and Children's Hospital for Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019, regardless of whether the services provided were covered under the benefit plan or whether the payment is allowed under the plan.

18.    Admit that pursuant to F.S. 641.28 the prevailing party in this action is entitled to an award of a reasonable attorney's fee and costs.

/s/ Tony Bennett
Tony Bennett, Esquire
Florida Bar No.:  40357
Attorney for Plaintiff
HICKS & MOTTO, P.A.
3399 PGA Boulevard, Suite 300
Palm Beach Gardens, FL  33410
Telephone: (561) 683-2300
Facsimile: (561) 697-3852
E-Mail:  tbennett@hmelawfirm.com; and
ncoull@hmelawfirm.com

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

ORTHOPAEDIC CARE SPECIALISTS, P.L.,    CASE NO.:

      Plaintiff,

vs.

AETNA LIFE INSURANCE COMPANY,

      Defendant,

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT
## (SERVED WITH COMPLAINT)

TO:        **Aetna Life Insurance Company**
        **Registered Agent: CHIEF FINANCIAL OFFICER**
        **200 E. GAINES ST**
        **TALLAHASSEE, FL 32399-0000**

Plaintiff, ORTHOPAEDIC CARE SPECIALISTS, PL, by and through their undersigned attorneys, and pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby requests the above-named Defendant to produce the items and matters hereinafter set forth within forty-five (45) days after receipt thereof at Hicks & Motto, P.A., 3399 PGA Boulevard, Suite 300, Palm Beach Gardens, Florida 33410.

The items and matters to be produced are as follows:

## DEFINITIONS

1.      "Document" means any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, **including the originals and all non-identical copies,** whether different from the original by reason of any notations made on such copy or otherwise, including, but not limited

1

to, correspondence, memoranda, messages, letters, telegrams, teletype, telefax, bulletins or other communications, notes of interoffice and intra-office telephone calls, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, work sheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, transcripts,  statistics, surveys, estimates, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic, aural or computerized records or representations of any kind, including without limitation, photographs, drawings, charts, graphs, microfiche, microfilm, videotape recordings, motion pictures, and electronic, mechanical or chemical recordings or representations of any kind (including without limitation, tapes, cassettes, disks, recordings) **as well as any medium of expression, fixed and in tangible form.**

2.      "Communication" means any oral or written statement, dialogue, discussion, conversation or agreement.

3.      The term "all documents" means every document or group of documents for communication, as above defined, known to you, and every such document or communication which can be located or discovered by you through reasonably diligent effort.

## INSTRUCTIONS

1.      If  Defendant withholds any documents covered by this Request For Production by reason of a claim of privilege, a list is to be furnished identifying each such document for which the privilege is claimed together with: (a) the name of its author or preparer and identification by employment and title of each such person; (b) the name of each person who was sent or furnished with the document or who has received, viewed or has had custody of the document, together with an identification of each such person;  ( c ) a brief description of the document; (d) a statement of the basis for the claim of privilege; and (e) the paragraph of this

2

Request For Production to which the document relates.  In the case of any document relating in any way to a meeting or to any other conversation or communication claimed to be privileged, all participants in and persons present at or during the meeting or conversation are to be identified.

2.     In the event that any document called for by this Request For Production has been discarded or destroyed, that document is to be identified as follows: preparer(s), addressee(s), recipients of indicated and blind copies, date, subject matter, number of pages, identity of attachment or appendices, all persons to whom distributed, shown or explained; date of disposal or destruction, reason for disposal or destruction, persons authorizing disposal or destruction and persons discarding or destroying the document.

3.     These document requests are continuing in nature; if after responding to the requests, the Defendants obtain or become aware of any further documents responsive to these requests, a supplementary response is required.

4.     Should the Defendants object to any part of Plaintiff's Request for Production, compliance therewith shall be made to the extent deemed unobjectionable, subject always to a future Court order compelling further production.  The Plaintiff will, at the time of trial, move the Court for an order excluding from evidence all documents available to the Defendants at the time of this response which are not produced.

## DOCUMENTS TO BE PRODUCED

1. Complete copies of all claims for payment whether electronic or non-electronic submitted by Plaintiff to Defendant for services rendered at St. Mary's Medical Center and Children's Hospital for Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019.

2. Complete copies of any and all explanation of benefit (EOB) forms sent by Defendant to Plaintiff for services rendered at St. Mary's Medical Center and Children's Hospital for Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019.

3. Complete copies of all HCFA 1500 or CMS 1500 claim forms submitted by Plaintiff to Defendant for services rendered at St. Mary's Medical Center and Children's Hospital for Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019.

4.  Complete copies of the entire insurance policy and any ERISA Plan for Patient with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019.

5.  Complete copies of any and all documents evidencing the date or dates that defendant received a claim for payment from Plaintiff for services rendered at St. Mary's Medical Center and Children's Hospital for Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019.

6.  Complete copies of any and all correspondence sent by Defendant to Plaintiff concerning services rendered at St. Mary's Medical Center and Children's Hospital for Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019.

7.  Complete copies of any and all correspondence from Defendant to Plaintiff for Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019 requesting that Plaintiff submit additional information or documentation regarding any claim submitted.

8.  Complete copies of the internal dispute resolution process for Defendant that was in effect from 1/1/2017 – 7/1/2019.

9.  Complete copies of any and all documents evidencing any fines paid by Defendant or fines assessed against Defendant for claims payment violations for years 2016, 2017, 2018, or 2019 by the State of Florida.

10. Complete copies of any and all documents evidencing payments issued by Defendant to Plaintiff for services rendered at St. Mary's Medical Center and Children's Hospital for Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019.

11. Complete copies of all documents, manuals, guidelines, fee schedules or any other item which Defendant utilized to reduce, audit, or discount any charges submitted by Plaintiff to Defendant for services rendered at St. Mary's Medical Center and Children's Hospital for Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019.

12. Complete copies of any and all documents utilized by Defendant in determining its fee schedule and/or maximum allowable fee arrangement for all charges submitted by Plaintiff to Defendant for services rendered at St. Mary's Medical Center and Children's Hospital for Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019.

4

13. Copies of any fee schedule or schedules and maximum allowable charges that Defendant utilized as a basis for reducing the charges submitted by Plaintiff to Defendant for services rendered at St. Mary's Medical Center and Children's Hospital for Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019.

14. Any all documents, memos, manuals, fee schedules, whether in written or electronic format evidencing the usual and customary provider charges for similar services that Plaintiff performed in this case in the community where the services were provided for calendar year 2017, 2018, and 2019.

15. Any and all documents which evidence a contractual relationship between Plaintiff and Defendant.

16. Any and all documents which evidence a mutual agreement by Plaintiff to accept any sums paid by Defendant as full satisfaction of the charges for services rendered at St. Mary's Medical Center and Children's Hospital for Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019.

17. Complete copies, both front and back, of any and all payment drafts or checks issued by Defendant to Plaintiff for services rendered at St. Mary's Medical Center and Children's Hospital for Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019.

18. Complete copies of any and all guidelines, regulations, internal policies, training manuals, compliance materials, plan documents or any other documents which define emergency services and care.

19. Complete copies of any and all guidelines, regulations, internal policies, training manuals, compliance materials, plan documents or any other documents which define or state what service, treatment, evaluation or procedure will be compensated by the Defendant and plan covering services rendered for Patient, ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019 as a medical emergency or emergency services.

20. Complete copies of any and all documents, materials, claims manuals, plan documents, guidelines, memorandum, policy or any item used by Defendant to determine that the services rendered by Plaintiff for services rendered at St. Mary's Medical Center and Children's Hospital for Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019 was not for emergency services and care.

21. Complete copies of any and all fee schedules, guidelines, regulations, internal policies,

5

plan documents or other materials used by Defendant as a basis to reduce any charges submitted by Plaintiff in this case.

22. Complete copies of the group master policy and any addendums endorsements or riders or Insured, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 in effect on March 25, 2019 and April 2, 2019.

23. Complete copies of any and all documents evidencing Defendant's fee schedule and/or maximum allowable fee arrangement for out of network charges for all services and treatment submitted by Plaintiff to Defendant for services rendered at St. Mary's Medical Center and Children's Hospital for Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019.

24. Complete copies of any and all medical payment consultant review(s) utilized by Defendant in determining any payments made to Plaintiff and/or maximum allowable fee for all charges submitted by Plaintiff to Defendant for services rendered at St. Mary's Medical Center and Children's Hospital for Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019.

25. Complete copies of any and all documents which demonstrate or evidence the basis for and computations of all contractual obligations, fee schedule reductions, maximum allowable amount reductions, and patient responsibilities for services rendered at St. Mary's Medical Center and Children's Hospital for Patient, with ID# W239602712, Claim Numbers: EDPB9X9P300 and E6PB8046D00 and dates of service March 25, 2019 and April 2, 2019.

*/s/ Tony Bennett*
Tony Bennett, Esquire
Florida Bar No.:  40357
Attorney for Plaintiff
HICKS & MOTTO, P.A.
3399 PGA Boulevard, Suite 300
Palm Beach Gardens, FL  33410
Telephone: (561) 683-2300
Facsimile: (561) 697-3852
E-Mail:  tbennett@hmelawfirm.com; and
ncoull@hmelawfirm.com

Filing # 95000945 E-Filed 08/29/2019 04:10:07 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Orthopaedic Care Specialists PL</u>
 Plaintiff
       vs.
<u>Aetna Life Insurance Company</u>
Defendant

### II.    TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☒ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.  **REMEDIES SOUGHT** (check all that apply):
   ☒ Monetary;
   ☐ Non-monetary declaratory or injunctive relief;
   ☐ Punitive

IV.  **NUMBER OF CAUSES OF ACTION: (    )**
   (Specify)

   <u>2</u>

V.  **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐ Yes
   ☒ No

VI.  **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒ No
   ☐ Yes – If "yes" list all related cases by name, case number and court:

VII.  **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒ Yes
   ☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Tony Bennett</u>      FL Bar No.: <u>40357</u>
   Attorney or party                                                   (Bar number, if attorney)

   <u>Tony Bennett   08/29/2019</u>
   (Type or print name)                                                Date

NOT A CERTIFIED COPY



**SHARON R. BOCK**

CLERK & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

# RECEIPT
3315183

Printed On:
09/05/2019 04:11
Page 1 of 1

| Receipt Number: 3315183 - Date 09/05/2019  Time 4:11PM | | | |
|---|---|---|---|
| **Received of:** | Hicks & Motto, P.A.<br>3399 PGA Blvd., Suite 300<br>Palm Beach Gardens, FL 33410 | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | 411.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 411.00 |
| **Receipt ID:** | 9603241 | **Remaining Balance:** | 0.00 |
| **Division:** | AK: Circuit Civil Central - AK(Civil) | | |

| Case# 50-2019-CA-011280-XXXX-MB -- PLAINTIFF/PETITIONER: ORTHOPAEDIC CARE SPECIALISTS PL | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 411.00 | 411.00 | 0.00 |
| **Case Total** | **411.00** | **411.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_ACH | 25708178 | 411.00 |
| **Total Received** | | **411.00** |
| **Total Paid** | | **411.00** |

**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.

