UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO. 9:19-cv-81381

ORTHOPAEDIC CARE SPECIALISTS, P.L.,

    Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY,

    Defendant.

_____/

## PLAINTIFF'S MOTION FOR REMAND
## AND INCORPORATED MEMORANDUM OF LAW

    Plaintiff, Orthopaedic Care Specialists, P.L., ("Plaintiff") hereby moves to remand this action to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

    The Plaintiff's claims are not pre-empted by ERISA, and Aetna Life Insurance Company's, claimed basis for federal jurisdiction – complete ERISA preemption – is without merit. The plaintiff has brought statutory and quasi-contractual state law claims against Defendant for violations of contractual and legal duties owed to them concerning the ***rate of***[1] reimbursement –

---

[1] Defendant, and many other health insurance company Defendants, have lost motions to remand on similar attempts to remove based on ERISA preemption on numerous occasions over the last decade or so: see, e.g., Plano Orthopedic & Sports Med. Ctr., P.A. v. Aetna Health, Inc., 3:12-CV-01744 L, 2012 WL 5355800, at *1 (N.D. Tex. Oct. 30, 2012); USC-Kenneth Norris Jr. Cancer Hosp. v. Aetna Health of California, Inc., CV 08-3710 AHM(FMOX), 2008 WL 4889022, at *4 (C.D. Cal. Nov. 7, 2008); N.E. Hosp. Auth. v. Aetna Health Inc., CIV.A. H-07- 2511, 2007 WL 3036835, at *1 (S.D. Tex. Oct. 17, 2007); Lone Star OB/GYN Associates v. Aetna Health Inc., \ 579 F.3d 525, 528 (5th Cir. 2009); C.N. Guerriere, M.D., P.A. v. Aetna Health, Inc., 807CV1443T27MAP, 2007 WL 3528366, at *1 (M.D. Fla. Nov. 15, 2007); Omega Hosp., L.L.C. v. Aetna Life Ins. Co., CIV.A. 08-3712, 2008 WL 2787466, at *3 (E.D. La. July 16, 2008); New Jersey Spinal Med. And Surgery, P.A. v. Aetna Ins. Co., CIV.A. 09-2503 (WJM), 2009 WL

and not the *right to* reimbursement – for the emergency services they rendered to Aetna Life Insurance Company's members who presented at emergency departments staffed by the plaintiff physician group. Plaintiff is not seeking to stand in the shoes of beneficiaries of ERISA plans, and Plaintiff's claims are **not** for benefits under an ERISA plan nor do they involve coverage determinations under an ERISA plan. Indeed, the claims for additional reimbursement put at issue in Plaintiff's Complaint are, by definition, all claims that Aetna Life Insurance Company has already adjudicated, found to be for covered services and paid, albeit at rates below what it was required to pay under state law. This lawsuit only seeks to require Aetna Life Insurance Company to pay the plaintiff provider the usual and customary rates for similar services in their areas, rather than the below market rates Defendant initially paid.

The law is well-established that such claims are not pre-empted by ERISA, and therefore, Aetna Life Insurance Company's claimed basis for federal jurisdiction is also without merit. Plaintiff's motion for remand to state court should be granted. In further support of their motion, Plaintiff states as follows:

**I. BACKGROUND**

Plaintiff is a provider of emergency medical services who staffs the emergency departments at a number of hospitals throughout South Florida 24 hours a day, seven days a week and provides emergency medical care and related services to all patients, including patients with health plans insured, operated or administered by Defendant, presenting to the emergency department. Plaintiff is obligated by law to examine any individual presenting to the emergency

---

3379911, at *4 (D.N.J. Oct. 19, 2009); Sheridan Healthcorp, Inc. v. Aetna Health Inc., 161 F. Supp. 3d 1238, 1242 (S.D. Fla. 2016).

department and to provide treatment, regardless of the individual's insurance coverage or ability to pay.

All of the plaintiff's emergency medicine group practices were "out of network," or "nonparticipating," with the Defendant Aetna Life Insurance Company's for the claims at issue in the Complaint. As a result, for all of the claims at issue, Plaintiff had not agreed to accept discounted rates from Aetna Life Insurance Company's in exchange for inclusion in its network, nor had they agreed to be bound by Aetna Life Insurance Company's reimbursement policies or rate schedules.

At all relevant times, Plaintiff provided emergency medical services to patients who presented to the emergency department who were members of health plans insured, operated or administered by Aetna Life Insurance Company. Plaintiff billed Aetna Life Insurance Company the group's established fees for the emergency medical services they provided to those patients with the understanding that Aetna Life Insurance Company would comply with its legal obligations to pay Plaintiff either the billed amount or, where different, the usual and customary rate of the services provided. Aetna Life Insurance Company has at all relevant times paid the Plaintiff for those services, but at amounts "inappropriately below all of the following: the Plaintiff's billed charges, fair market value and the reasonable value of the services in the market place." In the Explanation of Benefits notices Aetna Life Insurance Company sent to Plaintiff, Aetna Life Insurance Company cryptically explained its rate of payment without any reference to compliance with Florida Law as explained above.

Plaintiff filed this action against Aetna Life Insurance Company on August 29, 2019 in the Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County Florida, and served the Complaint on Aetna Life Insurance Company on September 6, 2019. Plaintiff in their Complaint

seeks damages for Defendant's systemic underpayments for the medically necessary, covered services the Plaintiff provided to patients in health plans "insured, operated or administered by the Defendant, Aetna Life Insurance Company."

In their Complaint, Plaintiff alleges that Defendant adjudicated Plaintiff's claims and determined they were for covered services, but wrongfully underpaid Plaintiff at rates that were below both: (1) the "usual and customary provider charges" in violation of Section 641.513(5), Florida Statutes (2016), for claims subject to that section; and (2) below the reasonable value of the services in the marketplace, for claims not subject to the Florida statute. Plaintiff asserted two independent state law causes of action against Defendant: (1) violation of Section 641.513(5) Florida Statutes; and (2) breach of implied-in-fact contract.

Plaintiff's Complaint clearly pled both that it was addressing administered claims, and further made clear they were not subject to ERISA preemption because the claims concerned only the "rate of" payment, rather than the "right to" payment. As a result, Plaintiff's claims do not implicate federal subject matter jurisdiction under well-settled principles of ERISA preemption law, a point with which the Defendant Aetna Life Insurance Company. were familiar. In fact, many similarly situated health insurance companies have unsuccessfully litigated the issue as explained and evidenced in the following memorandum.

## II. ARGUMENT

### A. Removal Standard Pursuant to 28 U.S.C. § 1446

A defendant may remove a case filed in state court to federal court "if the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A district court has original jurisdiction when the case presents a federal question "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal must be made "within 30 days after the

receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). A complaint may be removed after this period only if, "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

### B. Aetna Life Insurance Company Cannot Meet its Burden To Establish That ERISA Completely Preempts Plaintiff's Claims

This Court does not have subject matter jurisdiction over Plaintiff's claims based on preemption under the Employee Retirement Income Security Act ("ERISA"). The Eleventh Circuit, as well as other Courts of Appeal, have held that "rate of payment" actions, like the one here, which challenge the sufficiency of the amount of reimbursement for medical services, do not arise under ERISA. Borrero v. United Healthcare of N.Y., Inc., 610 F.3d 1296, 1302 (11th Cir. 2010); see also Kelsey-Seybold Med. Group PA v. Great-West Healthcare of Tex., Inc., 611 F. App'x 841 (5th Cir. 2015) (reversing and remanding judgment of district court that ruled provider's breach of contract claim for failure to pay contractual rate was preempted by ERISA); Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 331 (2d Cir. 2011); Lone Star OB/GYN Assocs. v. Aetna Health, Inc., 579 F.3d 525, 530 (5th Cir. 2009); Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 403-04 (3d Cir. 2004); Blue Cross v. Anesthesia Care Assocs. Med. Grp., Inc., 187 F.3d 1045, 1051 (9th Cir. 1999). In contrast, "[i]f a party is suing 'under obligations created by the plan itself, [instead of] under obligations independent of the plan and the plan member,' the alleged obligations implicate legal duties which are not entirely independent of ERISA, and thus are subject to complete preemption." Gables Ins.

Recovery, 39 F. Supp. 3d 1259, 1265 (S.D. Fla. 2015) (quoting Spring E.R., LLC v. Aetna Life Ins. Co., No. H-09-2001, 2010 U.S. Dist. LEXIS 13565, 2010 WL 598748, at *5 (S.D. Tex. Feb. 17, 2010)).[2]

Recently, in Sheridan Healthcorp, Inc. v. Aetna Health Inc., 161 F. Supp. 3d 1238 (S.D. Fla. 2016), the District Court, under similar circumstances in a case involving Coventry Health Care of Florida, rejected Coventry's argument that the plaintiff's claims fell within the scope of ERISA. Similar to this case, in Sheridan, the plaintiff asserted breach of contract claims against Aetna and Coventry as a result of the defendants' failure to pay the plaintiff the full contractual amounts owing for medical services rendered by the plaintiff's physicians. Sheridan, 161 F. Supp. 3d. at 1242. In Sheridan, Coventry and Aetna removed the case to federal court after Sheridan produced a spreadsheet identifying specific medical claims on the basis that once the spreadsheet was disclosed, it "became clear, for the first time, that Sheridan was disputing coverage determinations under both ERISA and FEHBA plans." Id. at 1243. In determining that the plaintiff's claims did not fall within the scope of ERISA, the court ruled that since the plaintiff was suing for breach of its agreement—not a denial of benefits—no interpretation of an ERISA regulated health plan was necessary. Id. at 1246. The same is true here.

In this case, as in Sheridan, Aetna Life Insurance Company's only basis for removal appears to be its allegations of the "mere existence" of an ERISA plan and its improper attempts

---

[2] In the Gables Ins. Recovery matter, the plaintiff was a collection agency which specifically pleaded in its complaint that "[n]either Plaintiff nor [SMC] has received payment for the medical services provided to the patient and the Defendant has not made payment, explained or justified the reason for its non-payment." Gables, 39 F. Supp. 3d at 1264. Accordingly, unlike this case, in Gables, the plaintiff's claims involved the *right to* payment on the face of the Complaint, and therefore implicated ERISA. Here, in contrast, Plaintiff's claims expressly include only medical claims that Coventry adjudicated as covered under their respective plans but underpaid, and thus which concern only the *rate of* payment. Plaintiff's claims do not implicate ERISA.

to mischaracterize, without support, the claims stated by Plaintiff in their Complaint[3]. While claims made by beneficiaries under those plans for a denial of benefits may be preempted, those are not the claims made by the Plaintiff in this Complaint. Plaintiff is not purporting to "stand in the shoes" of a plan beneficiary and sue Aetna Life Insurance Company for a denial of benefits.  Tellingly, Aetna Life Insurance Company is unable to point to anything in the Complaint that states otherwise. To the contrary, as the Plaintiff's Complaint makes clear, the Plaintiff is suing Aetna Life Insurance Company on their own behalf for its violation of independent statutory and quasi-contractual obligations owed to Plaintiff under Florida state law to pay them fair market value for the services the Plaintiff is obligated by law to provide. The legal claims at issue in this matter do not require an interpretation of an ERISA plan, as there is no issue relating to whether the claims are covered. As a result, Aetna Life Insurance Company falls woefully short of justifying its removal of Plaintiff's claims on the basis of ERISA preemption.

In short, Plaintiff's Complaint sets forth their allegations that the Defendant's underpayments violated independent state law duties owed to Plaintiff – and not claims for benefits under ERISA plans. Therefore, the Defendant's removal of this matter is not justified. Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009) (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987)). ERISA preemption does not apply to Plaintiff's claims, and Plaintiff's Motion to Remand should be granted.  Additionally, the affidavit submitted by the Defendant is an improper attempt to mischaracterize the claims brought by the

---

[3] See Emergency Service of Zephryhills, P.A., et. al. v. Coventry Health Care of Florida, INC., 281 F.Supp.3d 1339 (S.D. Fla. 2017)(remanding action to State Court and finding the Complaint asserted independent state law claims exclusively and were not preempted by ERISA); Premier Inpatient Partners, INC. v. Aetna Health and Life Insurance Company, 371 F.Supp.3d 1056 (M.D. Fla 2019).

Plaintiff. Sarasota Anesthesiologists, P.A. v. Blue Cross and Blue Shield of Florida, Inc., 2019 WL 3683796 (M.D. Fla. 2019).

## III.   CONCLUSION

For the reasons set forth above, this Court does not have subject matter jurisdiction over Plaintiff's claims, and this Court should remand this case to the appropriate state court. As Aetna Life Insurance Company has no reasonable basis for removing this case to this Court, Plaintiff respectfully requests an award of attorneys' fees and costs relating to this Motion.

WHEREFORE, Plaintiff respectfully request that this Court enter an order remanding this lawsuit to the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, and awarding attorneys' fees and costs, together with any further relief the Court deems just and proper.

HICKS & MOTTO, P.A.
Attorneys for the Plaintiff
3399 PGA Blvd, Suite 300
Palm Beach Gardens, FL  33410
Telephone: (561) 683-2300
Facsimile: (561) 697-3852
tbennett@Hmelawfirm.com

*/s/  Tony Bennett, Esq.*
TONY BENNETT, ESQUIRE
Florida Bar No.:  40357

## CERTIFICATE OF GOOD FAITH CONFERENCE

In accordance with S.D. Fla. L.R. 7.1(a)(3), counsel for Plaintiff has conferred with counsel for Defendant in a good faith effort to resolve the issues raised in the instant motion but the parties have not been able to agree.

/s/_Tony Bennett, Esq._____
TONY BENNETT, ESQUIRE
Florida Bar No.:  40357

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of October, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing document was served on all counsel or parties of record on the Service List below by electronic service using CM/ECF.

/s/_Tony Bennett, Esq._____
TONY BENNETT, ESQUIRE
Florida Bar No.:  40357

## SERVICE LIST

Shari Gerson, Florida Bar No. 017035
Email: shari.gerson@gray-robinson.com

Shayna Freyman, Florida Bar No. 84993
Email: shayna.freyman@gray-robinson.com

GRAY ROBINSON, P.A.
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Telephone: (954) 761-8111
Facsimile: (954) 761-8112

*Counsel for Defendant Aetna Life Insurance Company*