UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO. 9:19-cv-81381

ORTHOPAEDIC CARE SPECIALISTS, P.L.,

    Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY,

    Defendant.
_____/

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO REMAND**

Plaintiff, Orthopaedic Care Specialists, P.L. hereby responds to Defendant, Aetna Life Insurance Company's., ("Aetna") response in opposition to motion to and states:

**Supplemental Memorandum of Law**

**I.    Preemption**

This is an action brought for payment for emergency medical services and trauma-based services rendered to a patient pursuant to Florida Statutes, F.S. §641.513. Under the test set forth in *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004) and *Butero v. Royal Maccabees Life Ins. Co.,* 174 F.3d 1207, 1212 (11th Cir. 1999) Plaintiff's claim exists independent of the ERISA plan. Defendant, Aetna is incorrect in its assertion that Florida Statute, §641.513 only applies because of the existence of an ERISA governed health plan and that the "rate of payment" vs. "right to payment" distinction is immaterial. As the court in *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F. 3d 1337 (11th Cir. 2009) noted claims involving only the amount owed to a provider based on rate of payment would not implicate ERISA. In this case the Plaintiff is a non-participating provider and the rate of payment

for its services is set forth in Florida Statute, §641.513. In this case there is no coverage dispute and in fact Defendant has determined there is coverage and has made payments to Plaintiff. The only issue is the amount of said payments which is determined by Florida Statute, §641.513.

Florida Statute §641.513 sets forth the method of computation and amounts owed to a non-participating provider who render emergency and trauma-based services he or she is legally obligated to perform irrespective of whether the HMO is an ERISA plan or non- ERISA plan. Plaintiff need not look at the ERISA plan in this case for the amount of payment as same is set forth by §641.513. There is nothing in §641.513 that requires the ERISA determination of a fee based upon the plan. Additionally, there is nothing in the statute that requires a co- payment. In section (4) there is a statement that a subscriber <u>may</u> be charged a reasonable co-payment set forth in F.S. 641.31(12), not that it must be charged a copayment, and that co-payment if any, is capped by statute at $100 per visit. There is nothing in Florida Statute, §641.513 that requires a provider to look to the ERISA plan for determination of payment.  Florida Statute, §641.513(5) provides the three ways payment is determined either as (a) the provider's charges, (b) the usual and customary charge in the community for similar services or (c) an amount mutually agreed upon between the provider and the HMO. In no instance does an interpretation of this statute inextricably intertwine the ERISA plan.

Defendant argues that Florida Statute, §641.513 provides derivative standing as a matter of law by allowing a non-participating provider to "stand in the shoes" of the plan beneficiary. In fact, if this was the case, the Florida Legislature would have included this section in the "HMO Act" of the Florida Statutes, and not given providers an independent basis for payment at all, but merely provided for a statutory assignment of benefits under a plan.  Florida Statute 641.513(5) creates a private cause of action in favor of emergency medical providers such as Plaintiff, against

HMO's without regard to whether the provider is a participant in the HMO's plan. <u>Merkle v. Health Options, Inc.,</u> 940 So. 2d 1190, 1197 (Fla. 4th DCA 2006).

The statute was intended by the Florida legislature "to protect not only subscribers, but also non-participating providers." *Id.* The statute does not allow the provider to "stand in the shoes" of the plan beneficiary but rather bring an independent claim separate and apart from an ERISA or even a Non-ERISA plan beneficiary. Had the legislature intended that this section operate as an "assignment of benefits" or allow the physician to "stand in the shoes" of the plan beneficiary the plain language of the statute and the legislative intent would have clearly stated this. This statutory scheme does not provide for derivative standing for an emergency or trauma-based service provider such as Plaintiff in this case and Plaintiff is not attempting to stand in the shoes of the patient/plan beneficiary.

Defendant argues that Plaintiff has received an "assignment" of benefits from the patient and it is that basis being used to create derivative standing under ERISA. Plaintiff is bringing this cause of action independent of any assignment of benefits as Florida Statute, §641.513 specifically intended for a separate and distinct cause of action regardless of assignment. Furthermore, the Group Master Policy plan documents which were filed with the Court as exhibit "3" to Defendant's Notice of Removal prohibit an assignment of benefits from the patient to Plaintiff. The plan language is as follows at page 275 of exhibit "3" to Defendant's Notice of Removal [ECF No. 3]:

"Except as provided elsewhere in this TEBP SPD or the Plan document, no participant, dependent, or beneficiary may assign any rights or benefits provided under the Plan to a third party including, but not necessarily limited to, a third party to whom such participant, dependent, or beneficiary may be liable for medical treatment or services, unless such assignment is approved in writing by the Plan Administrator in its discretion. Any assignment of rights or benefits that is not approved by the Plan Administrator will not be recognized by the Plan."

In the case at bar, there was no written consent provided by Defendant to Plaintiff. There is clear intent from the plan itself that an assignment of benefits is not valid and therefore there is no derivative standing under ERISA. There is also nothing provided by Defendant specifically agreeing to any assignment in writing.

As this Court held in *In re Managed Care Litigation*, 2011 WL 1595153 (S.D. Fla. March 31, 2011) the Eleventh Circuit approved a "rate of payment" versus a "right of payment" distinction as a useful basis for assessing preemption of healthcare provider claims. In that case as in this case the Defendant contended that all of the Plaintiff's claims for reimbursement depended upon rights created by Defendant's employee benefit plans and that adjudication of these claims would not be possible without interpreting various terms of the ERISA plan. The Court disagreed with the Defendant's assertions and held that claims such as the Plaintiff's claim in the case at bar do not implicate the ERISA plan. The Court went on to state that disputes as to the amounts of reimbursement do not depend entirely upon rights created by ERISA plans and that the adjudication of these claims are predicated on a legal duty independent of ERISA such as a state statute as we have here. In addition to bringing the claim on the basis of the Florida Statute which provides an independent cause of action for emergency healthcare providers irrespective of an assignment of benefits, the case at bar cannot accurately be characterized as a challenge to a refusal to pay benefits under an ERISA plan. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F. 3d 1267 (11th Cir. 2005).

The present claim of Plaintiff differs from cases where "there were actual decisions denying benefits under the relevant plan." *Id.*   In this case Defendant Aetna has already determined that the patient's claim was covered under the plan, the issue is whether Aetna reimbursed Plaintiff at a rate consistent with Florida Law.   Therefore, Plaintiff, as a healthcare provider in this case

is not challenging a denial of benefits under an ERISA plan, but the amount of and the source of determination of the payment amounts made by Defendant.

The Defendant in this case has already determined that the services provided by Plaintiff are covered and has issued payment, the dispute is whether Defendant has the right to deny full and complete payment to Plaintiff based upon facts that do not relate to issues of coverage. Simply put, the statute is expressly disconnected from the terms and provisions of any ERISA plan, as reimbursement is mandated to non-participating emergency medical providers. Similar relief is not available under ERISA and therefore remand back to state court is mandated. *C.N. Guerriere, M.D. P.A. v. Aetna Health, Inc.,* 2007 WL 3528366 (M.D. Fla.); *Baptist Hospital of Miami, Inc., v. Wellcare of Florida, Inc.*, 2011 WL 2084003 (S.D. Fla.); *Adventist Health System/Sunbelt Inc., v. Blue Cross & Blue Shield of Florida, Inc.*, 2009 WL 722303 (M.D. Fla.), *Orthopaedic Care Sepcialists, P.L. v. Blue Cross, 2013 WL 12095594,* (S.D. Fla. March 4, 2013)

Wherefore, Plaintiff is again seeking reasonable attorney's fees and costs as well as remand to State Court.

HICKS & MOTTO, P.A.
Attorneys for the Plaintiff
3399 PGA Blvd, Suite 300
Palm Beach Gardens, FL  33410
Telephone: (561) 683-2300
Facsimile: (561) 697-3852
tbennett@Hmelawfirm.com

*/s/_Tony Bennett, Esq._____*
TONY BENNETT, ESQUIRE
Florida Bar No.:  40357

## CERTIFICATE OF GOOD FAITH CONFERENCE

In accordance with S.D. Fla. L.R. 7.1(a)(3), counsel for Plaintiff has conferred with counsel for Defendant in a good faith effort to resolve the issues raised in the instant motion but the parties have not been able to agree.

*/s/ Tony Bennett, Esq.*
TONY BENNETT, ESQUIRE
Florida Bar No.: 40357

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of November, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing document was served on all counsel or parties of record on the Service List below by electronic service using CM/ECF.

*/s/ Tony Bennett, Esq.*
TONY BENNETT, ESQUIRE
Florida Bar No.: 40357

## SERVICE LIST

Shari Gerson, Florida Bar No. 017035
Email: shari.gerson@gray-robinson.com

Shayna Freyman, Florida Bar No. 84993
Email: shayna.freyman@gray-robinson.com

GRAY ROBINSON, P.A.
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Telephone: (954) 761-8111
Facsimile: (954) 761-8112

*Counsel for Defendant Aetna Life Insurance Company*